**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) | HOPKINS AG SUPPLY LLC, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| vs. | | ) |
| | | ) |
| (1) | FIRST MOUNTAIN BANCORP, a | ) |
| | Nevada Corporation; | ) |
| (2) | GEORGE GOWEN, an individual; | ) |
| (3) | UNDERWRITERS GROUP, INC., | ) |
| | a Florida Corporation; | ) |
| (4) | LARRY WRIGHT, an individual; | ) |
| (5) | PHENIX SERVICES, a Florida | ) |
| | Corporation; | ) |
| (6) | TURHAN'S BAY EXPORT & | ) |
| | IMPORT CO., an Illinois Corporation; | ) |
| (7) | TURHAN EREL, an individual; | ) |
| (8) | ADVANCE TRADING, INC., a | ) |
| | Kansas Corporation; | ) |
| (9) | TROY RIGEL, an individual. | ) |
| | | ) |
| | Defendants. | ) |

Case No. 5:12-cv-01141-C

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

COMES NOW Plaintiff, Hopkins Ag Supply LLC ("Hopkins"), and for its causes of action against Defendants, First Mountain Bancorp ("First Mountain"), George Gowen ("Gowen"), Underwriters Group, Inc. ("Underwriters"), Larry Wright ("Wright"), Phenix Services ("Phenix"), Turhan's Bay Export & Import, Co. ("Turhan's Bay"), Turhan Erel ("Erel"), Advance Trading, Inc. ("Advance Trading"), and Troy Rigel ("Rigel") alleges and states as follows:

1.    Plaintiff Hopkins is an Oklahoma limited liability company with its principal place of business in the State of Oklahoma.

2.      Defendant First Mountain is a California bank, with its principal place of business in the State of California.  Upon information and belief, First Mountain is an alter ego or mere instrumentality of Gowen.

3.      Defendant Gowen is an individual residing, upon information and belief, in the State of California.

4.      Defendant Underwriters is a foreign corporation organized under the laws of the State of Florida, with its principal place of business in the State of Florida.  Upon information and belief, Underwriters is an alter ego or mere instrumentality of Wright.

5.      Defendant Wright is an individual residing, upon information and belief, in the State of Florida.

6.      Defendant Phenix is a foreign corporation organized under the laws of the State of Florida, with its principal place of business in the State of Florida.  Upon information and belief, Underwriters is an alter ego or mere instrumentality of Wright.

7.      Defendant Turhan's Bay is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  Upon information and belief, Turhan's Bay is an alter ego or mere instrumentality of Erel.

8.      Defendant Erel is an individual residing, upon information and belief, in the State of Illinois.

9.      Defendant Advance Trading is a foreign corporation organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas.

10.     Defendant Rigel is an individual residing, upon information and belief, in the State of Kansas.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Hopkins' citizenship is diverse from the citizenship of all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.     At all relevant times, Defendants have done business in Oklahoma and have had continuous and systematic contacts with Oklahoma.  Thus, this Court has general personal jurisdiction over Defendants.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

14.     Turhan's Bay entered into a contract with Hopkins for the purchase of wheat.  Turhan's Bay accepted delivery of the wheat on July 12, 2012, and agreed to pay Hopkins $269,001.52.  On August 23, 2012, one payment was received by Turhan in the amount of $25,000.00.  No additional money has been received, and the total now owed is $244,001.52.

15.     On or about July 10, 2012, Hopkins entered into a contract with First Mountain and Gowen for the payment guarantee of funds due to Hopkins by Turhan's Bay (the "Guarantee").

16.     The Guarantee states that First Mountain and Gowen, as guarantors, are bound to Hopkins for the payment of $300,000.00, and that First Mountain and Gowen unconditionally bind themselves for the payment of same to Hopkins.  Pursuant to the Guarantee, First Mountain and Gowen agreed to jointly and severally indemnify Hopkins against all losses and liabilities including the default or failure of performance on the part of Turhan's Bay.

17.    Pursuant to the terms of the Guarantee, should Turhan's Bay be declared in default under its contract with Hopkins, Hopkins may provide notice to First Mountain and Gowen of the default and request that First Mountain and Gowen immediately remedy the default by promptly, and no later than 25 days after notice of default, making payment to Hopkins in the amount of $300,000.00 as obligees under the Guarantee.

18.    Pursuant to the terms of the Guarantee, Hopkins' claim for default is solely with First Mountain and Gowen, acting in their capacity as trustees and pursuant to the Guarantee, and Hopkins is not required to seek any remedy from Turhan's Bay whatsoever as a condition precedent to Hopkins' demand for payment under the Guarantee.

19.    Turhan's Bay owes a total of $244,001.52 to Hopkins, which remains unpaid.  Therefore, Turhan's Bay has defaulted under its contract with Hopkins.

20.    On August 29, 2012, Jarrod C. Stewart, as managing member of Hopkins, provided a written notice of default to First Mountain and Gowen.  No response from First Mountain and Gowen was made to the August 29, 2012 notice of default, and First Mountain and Gowen have failed to perform under the Guarantee.

21.    Notice of default was again provided to First Mountain and Gowen on September 18, 2012 by counsel for Hopkins.  Therein, Hopkins demanded immediate payment under the Guarantee.  First Mountain and Gowen failed to respond to the notice of default, and has failed to perform under the Guarantee.

22.    Written notice has been provided to First Mountain and Gowen on August 29, 2012 and September 18, 2012.  Pursuant to the terms of the Guarantee, First

Mountain and Gowen are required to promptly satisfy their obligations under the Guarantee by payment of $244,001.52 to Hopkins within 25 days after notice.   As a result, First Mountain and Gowen are in default under the Guarantee.

23.    Upon information and belief, First Mountain is an alter ego and mere instrumentality of Gowen.   As a result, First Mountain's corporate entity should be disregarded and Gowen held liable for the actions of First Mountain.

24.    Hopkins is entitled to judgment against Gowen in the amount of $244,001.52, plus accrued interest, all costs of this action, and attorneys' fees.

25.    On November 30, Hopkins obtained a judgment against First Mountain for breach of contract.  The judgment against First Mountain remains unpaid

26.    Wherefore, Hopkins demands judgment against Gowen for breach of contract, in the amount of $244,001.52, plus accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

## SECOND CAUSE OF ACTION – FRAUD

27.    Hopkins adopts and incorporates by reference paragraphs 1 through 26 above

28.    First Mountain and Gowen represented to Hopkins that they would indemnify Hopkins against the default or failure of performance on the part of Turhan's Bay.  Additionally, First Mountain and Gowen represented that no later than 25 days after receiving notice of default from Hopkins, would make payment to Hopkins in an amount up to $300,000.00, as obligees under the Guarantee.

29.     The actions and representations of First Mountain and Gowen evidence that the Guarantee was entered into with fraudulent intent.  First Mountain's and Gowen's representations to honor the terms of the Guarantee were not true.  Further, First Mountain and Gowen knew the representations were untrue at the time they were made. First Mountain and Gowen never had an intention to honor the terms of the Guarantee.

30.     After the notice of default was made to First Mountain and Gowen, Hopkins made repeated requests for payment.

31.     The representations made by First Mountain and Gowen were material to the parties, and the representations were made by First Mountain and Gowen with the knowledge that they were false, or they were recklessly made without knowledge of the truth.

32.     The representations made by First Mountain and Gowen were made to Hopkins with the intention that Hopkins would rely upon them by entering into the Guarantee and payment of money to First Mountain and Gowen.

33.     Hopkins relied upon the representations of First Mountain and Gowen.  The reliance on the false promises of First Mountain and Gowen was to the detriment of Hopkins.

34.     First Mountain's and Gowen's actions were performed knowingly, intentionally and with willful disregard of the rights of Hopkins.  As a result of First Mountain's and Gowen's actions, Hopkins has suffered monetary damages in excess of $75,000.00.  Hopkins further seeks an award of punitive or exemplary damages against

First Mountain and Gowen, in an amount in excess of $75,000.00, for First Mountain's and Gowen's malicious and willful actions.

35.    Wherefore, Hopkins demands judgment against First Mountain and Gowen for fraud, in an amount in excess of $75,000.00, plus punitive damages, accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

### THIRD CAUSE OF ACTION – CONSPIRACY TO COMMIT FRAUD

36.    Hopkins adopts and incorporates by reference paragraphs 1 through 35 above.

37.    Material misrepresentations were made by First Mountain and Gowen to Hopkins with the intention that Hopkins would rely upon the misrepresentations to its detriment.  Hopkins did, in fact, rely upon the misrepresentations of First Mountain and Gowen and was damaged thereby.

38.    The misrepresentation of First Mountain and Gowen were fraudulent and unlawful.

39.    First Mountain, Gowen, Underwriters, Wright and Phenix entered into an agreement to defraud Hopkins and they acted together and in combination to commit fraud.

40.    Following the notices of default, Gowen represented that Hopkins should contact Underwriters and Wright to seek payment of the bond despite the terms of the Guarantee, which, on its face, is with First Mountain.  Underwriters and Wright represented to Hopkins' counsel that payment under the terms of the Guarantee would be

made.  However, these representations were untrue and no such payment was made. Gowen's demand to seek payment from Underwriters and Wright demonstrates the agreement between First Mountain, Gowen, Underwriters, Wright and Phenix and the scheme to defraud Hopkins.

41.    Underwriters, Wright and Phenix, upon information and belief, provided underwriting services to First Mountain and Gowen for the Guarantee.  Underwriters, Wright and Phenix did so knowing that First Mountain and Gowen were fraudulently entering into the Guarantee contract with Hopkins and that First Mountain and Gowen fraudulently represented that they would honor the terms of the contract.

42.    First Mountain, Gowen, Underwriters, Wright and Phenix have engaged in similar fraudulent schemes throughout the United States.

43.    Upon information and belief, Underwriters and Phenix are alter egos and mere instrumentalities of Wright.  As a result, Underwriters' and Phenix's corporate entities should be disregarded and Wright held liable for the actions of Underwriters and Phenix.

44.    Hopkins relied upon the misrepresentations of First Mountain, Gowen, Underwriters, Wright and Phenix and the conspiracy of First Mountain, Gowen, Underwriters, Wright and Phenix to its determinant.

45.    First Mountain's, Gowen's, Underwriters', Wright's and Phenix's actions were performed knowingly, intentionally and with willful disregard of the rights of Hopkins.  As a result of First Mountain's, Gowen's, Underwriters', Wright's and Phenix's actions, Hopkins has suffered monetary damages in excess of $75,000.00.

Hopkins further seeks an award of punitive or exemplary damages against First Mountain, Gowen, Underwriters, Wright and Phenix, in an amount in excess of $75,000.00, for First Mountain's, Gowen's, Underwriters', Wright's and Phenix's malicious and willful actions.

46.     Wherefore, Hopkins demands judgment against First Mountain, Gowen, Underwriters, Wright and Phenix for conspiracy to commit fraud, in an amount in excess of $75,000.00, plus punitive damages, accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

### FOURTH CAUSE OF ACTION – UNJUST ENRICHMENT

47.     Hopkins adopts and incorporates by reference paragraphs 1 through 46 above.

48.     First Mountain, Gowen, Underwriters, Wright and Phenix were paid for their services to indemnify Hopkins against all losses in exchange for the promise to pay under the terms of the Guarantee in the event of a default by Turhan's Bay and Erel.

49.     Hopkins entered into the Guarantee in reliance upon First Mountain's, Gowen's, Underwriters', Wright's and Phenix's promises to honor the terms of the contract.

50.     First Mountain, Gowen, Underwriters, Wright and Phenix received the benefit of the contract, but have failed to honor the terms of the contract and are in breach of the contract.

51.    First Mountain's, Gowen's, Underwriters', Wright's and Phenix's receipt of the benefit of the contract without honoring the terms of the contract, constitutes unjust enrichment, and Hopkins has been damaged thereby.

52.    It is contrary to equity and good conscience for First Mountain, Gowen, Underwriters, Wright and Phenix to retain the benefit of the contract.

53.    Wherefore, Hopkins demands judgment against First Mountain, Gowen, Underwriters, Wright and Phenix for unjust enrichment, in an amount in excess of $75,000.00, plus accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

### FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

54.    Hopkins adopts and incorporates by reference paragraphs 1 through 53 above.

55.    On or about July 12, 2012, Hopkins entered into a contract (the "Contract") with Turhan's Bay and Erel, whereby Hopkins agreed to sell grain to Turhan's Bay.[1]

56.    Turhan's Bay and Erel received the grain on or about July 12, 2012. Turhan's Bay and Erel provided two checks to Hopkins for payment.  However, both checks were returned for insufficient funds.

57.    On August 23, 2012 Turhan's Bay and Erel wired $25,000.00 to Hopkins. However, no other payments have been made pursuant to the terms of the Contract.

---

[1] The Contract to sell grain was entered into only after the requirement by Hopkins that a payment bond be obtained to guarantee payment by Turhan's Bay.

58.     Turhan's Bay's and Erel's failure and refusal to pay Hopkins for the grain constitutes a breach of the Contract.

59.     As a result of Turhan's Bay's and Erel's refusal to pay for the grain, Hopkins has been damaged in the amount of $244,001.52, plus accrued interest, all costs of this action and attorneys' fees.

60.     Wherefore, Hopkins demands judgment against Turhan's Bay and Erel for breach of contract, in the amount of $244,001.52, plus accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

## SIXTH CAUSE OF ACTION – FRAUD

61.     Hopkins adopts and incorporates by reference paragraphs 1 through 60 above.

62.     Turhan's Bay and Erel represented to Hopkins that they would pay for the grain received under the contract with Hopkins.  Turhan's Bay and Erel knew that this representation was false, because Turhan's Bay and Erel did not intend to honor the terms of the contract at the time it was entered.

63.     Turhan's Bay and Erel knew at the time the contract was entered that they had insufficient funds with which to purchase the grain.  Turhan's Bay and Erel knowingly wrote checks for the grain that were invalid.  The representation to Hopkins that Turhan's Bay and Erel was paying with valid funds was false.  Turhan's Bay and Erel knew that it was false at the time it was made.

64.    The representations made by Turhan's Bay and Erel were material to the parties, and the representations were made by Turhan's Bay and Erel with the knowledge that they were false, or they were recklessly made without knowledge of the truth.

65.    The representations made by Turhan's Bay and Erel were made to Hopkins with the intention that Hopkins would rely upon them by entering into the Contract and providing grain to Turhan's Bay and Erel.

66.    Hopkins relied upon the representations of Turhan's Bay and Erel.  The reliance on the false promises of Turhan's Bay and Erel was to the detriment of Hopkins.

67.    Turhan's Bay's and Erel's actions were performed knowingly, intentionally and with willful disregard to the rights of Hopkins.  As a result of Turhan's Bay's and Erel's actions, Hopkins has suffered monetary damages in excess of $75,000.00. Hopkins further seeks an award of punitive or exemplary damages against Turhan's Bay and Erel, in an amount in excess of $75,000.00, for Turhan's Bay's and Erel's malicious and willful actions.

68.    Upon information and belief, Turhan's Bay is an alter ego and mere instrumentality of Erel. As a result, Turhan's Bay's corporate entity should be disregarded and Erel held liable for the actions of Turhan's Bay.

69.    Wherefore, Hopkins demands judgment against Turhan's Bay and Erel for fraud, in an amount in excess of $75,000.00, plus punitive damages, accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

**SEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT**

70.     Hopkins adopts and incorporates by reference paragraphs 1 through 69 above.

71.     Turhan's Bay and Erel received the benefit of the contract with Hopkins.

72.     Turhan's Bay and Erel have failed to honor the terms of the contract and are in breach of the contract, constituting unjust enrichment, and Hopkins has been damaged thereby.

73.     Upon information and belief Turhan's Bay and Erel have sold the grain and have been paid.

74.     It is contrary to equity and good conscience for Turhan's Bay and Erel to retain the grain received from Hopkins without Turhan's Bay and Erel honoring the promise to pay for the grain.

75.     Wherefore, Hopkins demands judgment against Turhan's Bay and Erel for unjust enrichment, in an amount in excess of $75,000.00, plus accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

**EIGHTH CAUSE OF ACTION - NEGLIGENCE**

76.     Hopkins adopts and incorporates by reference paragraphs 1 through 75 above.

77.     Hopkins retained Advance Trading and Rigel as commodity brokers for consultation and management related to Hopkins business as a producer of grain.

78.     Advance Trading and Rigel represented to Hopkins that they would provide experienced consultants to market Hopkins' grain for sale in the commodities market.

79.     Advance Trading and Rigel represented to Hopkins that they would bring purchasers to Hopkins based upon collaboration, extensive research, economic analysis and interpretation of the market risk.

80.     Advance Trading and Rigel recommended Turhan's Bay and Erel as purchasers of Hopkins' grain.

81.     Advance Trading and Rigel recommended First Mountain and Gowen as guarantors of the purchase of Hopkins' grain.

82.     Advance Trading and Rigel did not perform due diligence as to Turhan's Bay, Erel, First Mountain, Gowen, Underwriters, Wright and Phenix.  Had Advance Trading and Rigel performed even a minimal amount of due diligence they would have discovered that First Mountain and Gowen have been sued multiple times for failure to honor bonds and guarantees.  Additionally, had Advance Trading and Rigel performed even a minimal amount of due diligence they would have discovered that Wright, while working through Underwriters, has been ordered to pay a multi-million dollar verdict for fraud in the State of Florida.  Further, Wright, while working through Underwriters, has been arrested in the State of Florida for failure to honor the terms of a surety bond.  Had Advance Trading and Rigel performed even a minimal amount of due diligence they would have also discovered that First Mountain, Gowen, Underwriters, Wright and Phenix, in addition to numerous other lawsuits, had been sued, and a judgment obtained, in the State of Oklahoma for failure to honor a construction bond.

83.    Advance Trading and Rigel owed a duty to Hopkins to perform due diligence as to their recommendations based upon their representations to do so.

84.    Advance Trading and Rigel breach their duty to Hopkins by failing to perform the due diligence necessary to discover the past history of fraud, breach of contract, and alleged criminal activities of First Mountain, Gowen, Underwriters, Wright and Phenix.

85.    Hopkins entered into the Guarantee and the Contract based upon the recommendations of Advance Trading and Rigel, and has been damaged thereby. Hopkins' damages would not have occurred but for the negligence of Advance Trading and Rigel.

86.    Wherefore, Hopkins demands judgment against Advance Trading and Rigel for negligence, in an amount in excess of $75,000.00, plus accrued interest, all costs of this action, attorneys' fees and all other further relief this Court deems just and appropriate.

Respectfully Submitted,

*s/ Kenneth A. Tillotson*

Juston R. Givens, OBA #19102
Kenneth A. Tillotson, OBA #19237
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 N. Robinson,
Oklahoma City, OK 73102
Telephone:  (405) 235-4100
Facsimile:  (405) 235-4133
jrgivens@phillipsmurrah.com
katillotson@phillipsmurrah.com

***ATTORNEYS FOR PLAINTIFF***

**ATTORNEY LIEN CLAIMED**