IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HOPKINS AG SUPPLY LLC,         )
                               )
            Plaintiff,         )
                               )
vs.                            )   Case No. CIV-12-1141-C
                               )
FIRST MOUNTAIN BANCORP, a      )
Nevada Corporation, et al.,    )
                               )
            Defendants.        )

MEMORANDUM OPINION AND ORDER

In June 2012, Plaintiff Hopkins AG Supply LLC entered into a contract with Defendant Turhan's Bay Export & Import Co. ("Turhan") for the sale of wheat. Turhan agreed to purchase Plaintiff's wheat for $269,001.52. Plaintiff required a bond to guarantee the purchase price so Turhan acted independently to hire Defendant Brunswick Companies ("Brunswick"), a broker, to locate a surety to supply the guarantee. Brunswick, working with consultant company Defendant Phenix Services ("Phenix"), owned by Defendant Larry Wright ("Wright"), selected Defendant First Mountain Bancorp ("FMB") as surety.

FMB contractually agreed to guarantee payment of the funds due to Plaintiff, up to $300,000.00. Although Plaintiff received $25,000.00 from Turhan on August 23, 2012, a balance of $244,001.52 remains unpaid. FMB subsequently failed to pay the balance pursuant to the guarantee and Plaintiff brought this suit, alleging breach of contract, fraud, and conspiracy to commit fraud.

Plaintiff asserted claims of conspiracy and unjust enrichment against Wright, Phenix, and Brunswick. Plaintiff also brought breach of contract and negligence claims against Brunswick. Now before the Court is Defendants Wright, Phenix, and Brunswick's (collectively, the "moving Defendants") Motion for Summary Judgment (Dkt. No. 203). Plaintiff has responded and the Motion is now at issue.

## I. STANDARD OF REVIEW

The standard for summary judgment is well established. Summary judgment may only be granted if the evidence of record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movants bear the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movants carry this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(c). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. CONSPIRACY

Plaintiff asserted a claim of civil conspiracy to commit fraud against Wright, Phenix, and Brunswick. Defendants argue for favorable summary judgment because

2

Plaintiff cannot prove the claim by clear and convincing evidence. The moving Defendants believed FMB would honor its guarantee, and therefore they did not participate in any fraud, if it occurred.

Plaintiff must meet the elements of a civil conspiracy, which is "a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." Brock v. Thompson, 1997 OK 127, ¶ 39, 948 P.2d 279, 294, as corrected (Apr. 3, 1998) (citation omitted). Unlike criminal conspiracy, a civil conspiracy itself does not create liability; the conspiracy's purpose or means must be independently unlawful. Id.

Plaintiff claims the purpose of the conspiracy was to defraud Plaintiff of the funds owed pursuant to the guarantee. "Actual fraud is the intentional misrepresentation or concealment of a material fact, with an intent to deceive, which substantially affects another person," and constructive fraud is defined as "a breach of a legal or equitable duty to the detriment of another, which does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose." Croslin v. Enerlex, Inc., 2013 OK 34, ¶ 12, 308 P.3d 1041, 1045-46 (footnote omitted) (citations omitted). Both have the same legal consequence and are generally questions of fact. Id. Additionally, "[w]hen fraud is alleged, every fact or circumstance from which a legal inference of fraud may be drawn is admissible." Id. at ¶ 11, 308 P.3d at 1045; Berry v. Stevens, 1934 OK 167, ¶ 16, 31 P.2d 950, 955 (stating the court will allow a "great latitude of proof" in regard to fraud claims).

Plaintiff argues Brunswick acted as a communication liaison between Turhan, Phenix, and FMB, isolating Turhan from the negotiations. Plaintiff shows Turhan paid a

3

$15,000.00 brokerage fee to Brunswick, who retained $2,250.00 and tendered $12,750.00 to Phenix. Phenix then retained $2,250.00 and tendered the remaining $10,500.00 to FMB. Plaintiff argues the typical rate for similar services is 10% of the amount of the performance bond or guarantee, but Brunswick told Phenix the rate was too high and negotiated the amount to 5%, or $15,000.00. When Plaintiff notified FMB of Turhan's nonpayment, FMB provided instructions for Plaintiff to contact Wright or his business, which was supposedly a brokerage consultant in this transaction.

Plaintiff also offers as evidence a history of lawsuits brought against Wright and his businesses. Plaintiff states Brunswick must have known about the lawsuits and business dissolutions; therefore, collaboration with Wright must have occurred. Defendants argue this evidence is inadmissible pursuant to Rule 56(c)(2). Some of the evidence presented may be inadmissible, but the Court will make the determination with full briefs on the issue. See Fed. R. Civ. P. 56(e)(4). The Court finds there are sufficient facts in dispute to deny summary judgment on this claim.

### III.   UNJUST ENRICHMENT

Plaintiff asserted an unjust enrichment claim against Wright, Brunswick, and Phenix, arguing the commission paid by Turhan should be awarded to Plaintiff on an equitable basis. The moving Defendants argue such an award would be unjust because Plaintiff should not be reimbursed for a fee it did not pay.

Oklahoma law describes unjust enrichment as a theory of recovery where the claimant must show "enrichment to another coupled with a resulting injustice." Cnty.

Line Inv. Co. v. Tinney, 933 F.2d 1508, 1518 (10th Cir. 1991) (citation and internal quotation marks omitted). Plaintiff must "show either an expenditure adding to the property of another or one that saves the other from expense or loss." Id. (citation and internal quotation marks omitted).

Here, the $15,000.00 commission and its division among the Defendants is undisputed. Plaintiff did not pay the fee, and it therefore did not make an expenditure adding to the moving Defendants' property, nor would the requested recovery save Plaintiff from expense or loss of the fee. Regardless of the nature of Defendants' relationship, Plaintiff's unjust enrichment claim must fail as a matter of law. Accordingly, the Motion is granted on this claim.

## IV.   BREACH OF CONTRACT

Plaintiff brought a breach of contract claim against Brunswick, who argues for favorable summary judgment because Plaintiff cannot show it was the intended third-party beneficiary of the contract. Oklahoma law states "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 15 Okla. Stat. § 29. The Oklahoma Supreme Court explained, "[i]t is not necessary that the party be specifically named as a beneficiary[,] but only that the contract be made expressly for the benefit of a third person." Keel v. Titan Constr. Corp., 1981 OK 148, 639 P.2d 1228, 1231 (citation and internal quotation marks omitted). "[E]xpressly simply means in an express manner; in direct or [unmistakable] terms; explicitly; definitely; directly." Id. (citation and internal quotation marks omitted). This

remedy is available to a third-party beneficiary even if he was a stranger to the contract, had no knowledge of it, and was not identified when it was made. The intention of the contracting parties is the determinative factor. Id. A mere "incidental benefit is insufficient." Copeland v. Admiral Pest Control Co., 1996 OK CIV APP 119, 933 P.2d 937, 939 (citation omitted).

Here, the agreement at issue was between Turhan, the buyer of wheat, and Brunswick, the broker, for the procurement of a guarantee for the purchase price of the wheat. Plaintiff's challenge to the agreement is narrow: Plaintiff argues it was the intended beneficiary of the Turhan/Brunswick brokerage relationship. The claim is not against all Defendants involved in the surety transaction where Plaintiff's benefits were more robust.

The parties have not presented written terms between Turhan and Brunswick, but there is a Short Form Guaranty Application completed by Turhan and submitted to Brunswick for the surety's consideration. (Dkt. No. 209-6.) The Short Form Guaranty Application requests information related to the guarantee including the obligee name and address, but this does not indicate to the Court that the parties intended the guarantee to be for Plaintiff's benefit; it is merely information pertinent to the guarantee Turhan sought.

Plaintiff has not provided any evidence indicating the Turhan/Brunswick agreement was made "expressly for the benefit" of Plaintiff. At best, the benefit Plaintiff received from the Turhan/Brunswick agreement was an improved selling experience because

6

Turhan located a surety by employing a broker. This is an incidental benefit. The Motion is granted on this claim.

## V. NEGLIGENCE

Plaintiff brought a negligence claim against Brunswick, arguing Brunswick breached a duty of care owed to Plaintiff as a third-party beneficiary to the agreement between Brunswick and Turhan. Even where the Oklahoma Supreme Court found a plaintiff was not a third-party beneficiary to a contract, it has considered negligence claims brought by third parties. See Copeland, 1996 OK CIV APP 119, 933 P.2d at 939. The elements of a negligence claims are "1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty." Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶ 12, 160 P.3d 959, 964 (citations omitted). Whether a duty of care extends between the parties is both a threshold issue and a question of law. See Copeland, 1996 OK CIV APP 119, 933 P.2d at 939.

Here, there was no contractual relationship between Plaintiff and Brunswick. Plaintiff argues Brunswick owed a duty of care to Plaintiff as a third-party beneficiary, but, as explained above, Plaintiff derived no express benefit from the Turhan/Brunswick brokerage relationship and was not a third-party beneficiary. While Brunswick did owe an implied duty "to perform [the contract] skillfully, carefully, diligently, and in a workmanlike manner," the duty was not owed to Plaintiff. Keel, 1981 OK 148, 639 P.2d at 1231 (citation omitted). The Motion is granted on this claim.

## VI. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment (Dkt. No. 203) is GRANTED in part and DENIED in part. Summary judgment is granted in favor of Defendants on the unjust enrichment, breach of contract, and negligence claims. The conspiracy claim against Wright, Phenix, and Brunswick remains. Judgment shall issue at the conclusion of the case.

IT IS SO ORDERED this 24th day of May, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge