IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HOPKINS AG SUPPLY LLC,           )
                                 )
            Plaintiff,           )
                                 )
vs.                              )    Case No. CIV-12-1141-C
                                 )
FIRST MOUNTAIN BANCORP, a        )
Nevada Corporation, et al.,      )
                                 )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Discovery Sanctions Against Defendant Brunswick Companies (Dkt. No. 215). Defendant Brunswick has responded and the Motion is now at issue.

Plaintiff requests sanctions pursuant to Fed. R. Civ. P. 37(c)(1) for Defendant Brunswick's failure to disclose an errors and omissions ("E&O") insurance policy as required by Fed. R. Civ. P. 26(a). Rule 37(c)(1) vests the Court with discretion to impose "other appropriate sanctions" in addition to or in lieu of excluding the evidence not properly disclosed pursuant to Rule 26(a) unless the Court determines the non-disclosing party's "failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The court should consider the following factors when making the determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Woodworker's

Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

First the Court will determine whether the non-disclosure was substantially justified. The statement in question reads as follows: "defendants are unaware of any insurance agreement under which such insurers would be liable to satisfy all or part of any judgment which might be obtained against defendants." (Def.'s Resp. to Mot. for Disc. Sanctions, Dkt. No. 229, p. 1.) Counsel for Brunswick admits the disclosure was inaccurate because Brunswick had an applicable E&O policy but had not elected to involve the insurance carrier in this case. Brunswick was not aware of the need to disclose the E&O policy because counsel never asked if there was a policy in place.

Counsel is reminded that pursuant to Rule 26(g)(1), the type of disclosure in dispute must be signed by an attorney of record. "By signing, an attorney . . . certifies that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry* . . . with respect to a disclosure, it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)-(g)(1)(A) (emphasis added); see also Sun River Energy, Inc. v. Nelson, 800 F.3d 1219, 1229 (10th Cir. 2015) (finding that "[c]ounsel has an obligation to assure that the client complies with discovery obligations and court orders" (citation and internal quotation marks omitted)). Brunswick was required to disclose the policy and counsel should have inquired about the existence of a policy before signing the disclosure document. Therefore, the Court finds the non-disclosure was not substantially justified.

The Court will consider whether the non-disclosure was harmless. Applying the factors, Plaintiff claims the non-disclosure is prejudicial because the absence of insurance has influenced nearly all of its litigation decisions regarding Brunswick. The Court determines evidence of a policy Brunswick had purchased but declined to use would not be admissible to a jury, so speculations as to what actions Plaintiff could have taken had it known of the inactive insurance role are not persuasive.

Brunswick argues that although the non-disclosure did occur, Brunswick's representative, Mr. Levinson, was unaware of the need to disclose the existence of the policy and when asked at deposition, he freely discussed the policy. At the time of Mr. Levinson's deposition, on March 31, 2017, one month of discovery remained from a more than four-year discovery period. However, Plaintiff did not request additional time for discovery or attempt to schedule more depositions within the time remaining.

Plaintiff argues its lack of knowledge harmed judicial settlement negotiations. The argument may have been persuasive if a settlement had been reached for a low figure, but since no settlement resulted from the judicial settlement conference, no harm occurred. The third and fourth factors have no great weight in this decision.

Rule 37 precludes the use of any non-disclosed evidence at trial and grants the Court discretion to impose other sanctions. Because evidence of the E&O policy is not admissible, Plaintiff requests the alternative sanction of various attorney fees and the reopening of discovery for an additional deposition. The Court will not permit the reopening of discovery because, as discussed, Plaintiff could have requested an extension

before discovery concluded. This is not the proper time to reopen discovery when Plaintiff's predictions of what could be discovered are mere speculation and the request comes on the eve of trial, two and one-half months after the non-disclosure was discovered. Additionally, the Court will not grant Plaintiff's requests for attorney fees associated with Mark Levinson's deposition. There is no harm suffered related to the deposition.

The Court grants Plaintiff's request for attorney fees for preparing for and attending the judicial settlement conference and discovering and obtaining the subject insurance policy. Because the non-disclosure was not substantially justified, Plaintiff may recover the cost of obtaining the information that should have been disclosed. The Court grants the request for attorney fees for the judicial settlement conference because while no settlement was reached, the lack of full discovery rendered the conference a sham.

## CONCLUSION

For the reasons stated, Plaintiff Hopkins AG Supply LLC's Motion for Discovery Sanctions Against Defendant Brunswick Companies (Dkt. No. 215) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 10th day of July, 2017.

ROBIN J. CAUTHRON
United States District Judge