IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOPKINS AG SUPPLY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1141-C |
| | ) | |
| FIRST MOUNTAIN BANCORP, a | ) | |
| Nevada Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court are the following motions in limine: Plaintiff's Motion in Limine Regarding Non-Party Jarrod Stewart's Irrelevant Activities and Communications (Dkt. No. 223); Plaintiff's Motion in Limine Regarding Criminal Restitution Payments (Dkt. No. 224); Plaintiff's Motion in Limine Regarding Evidence of Settlement with Former Defendants (Dkt. No. 225); Defendants', Larry Wright, Phenix Services and Brunswick Companies, Motion in Limine (Dkt. No. 219); Defendants' . . . Second Motion in Limine (Dkt. No. 220); Defendants' . . . Third Motion in Limine (Dkt. No. 230); Defendants' . . . Fourth Motion in Limine (Dkt. No. 244); and Defendants' . . . Motion in Limine Regarding Evidence of Bank Loans (Dkt. No. 247). The parties have responded and each Motion is now at issue.

I. Plaintiff's Motion Regarding Jarrod Stewart's Activities and Communications

Plaintiff requests the exclusion of any evidence related to Jarrod Stewart's insurance business or operations as an insurance agent and any mention of an email sent from Mr. Stewart to Turhan and Sapho Erel on January 2, 2013. Stewart is the owner and

designated corporate representative of Hopkins and he also owns a separate insurance business called AIM Agency. Turhan Erel owns Turhan's Bay Export & Import Co., a former defendant entity in this case, and Sapho Erel is his spouse.

Plaintiff argues evidence of Stewart's insurance business is irrelevant, prejudicial, and misleading to the jury. Plaintiff argues because Stewart is a non-party, his testimony should be limited to his actions as an agent of Hopkins and the fact that Stewart possesses insurance knowledge should not be used to imply that Hopkins had superior knowledge and is not relevant to whether Defendants conspired to defraud Hopkins. Defendants argue Stewart's testimony will be useful to show the actions of Brunswick and Phenix were consistent with lawful purposes.

Stewart's experience is relevant in relation to his general knowledge of the insurance industry and the context of the transaction in question. Accordingly, the Motion is DENIED on this issue. However, to the extent that counsel seeks to elicit expert testimony from Stewart, or if the testimony becomes too time-consuming or prejudicial, it will be stopped.

Plaintiff argues for the exclusion of an email entitled "Turhan Situation" because it is not relevant to the claims and is more prejudicial than probative. Defendants argue the email will be used as impeachment evidence to show bias, prejudice, interest, and motive. The Court finds the email is totally irrelevant and the Motion is GRANTED on this issue. The Court will reconsider this decision if the circumstances indicate the document may be impeaching.

II. Plaintiff's Motion Regarding Criminal Restitution Payments

Plaintiff requests the exclusion of evidence related to restitution payments Erel has paid or was ordered to pay Plaintiff in relation to a criminal prosecution. Plaintiff argues the fact that Erel was ordered to pay restitution for a fraudulent check has no bearing on the issue of whether Defendants conspired to commit fraud on Plaintiff. Mention of the restitution would lead the jury to believe Plaintiff has been compensated for its loss. Additionally, Plaintiff states Erel filed for bankruptcy and is behind on payments, so any mention of the debt to the jury would lead to a mini trial on Erel's ability to pay.

Defendants argue because the liability under the guarantee is conditioned upon payment, all payments received are relevant and admissible, including restitution payments. Defendants also state the evidence should be admissible as impeachment evidence to show Erel has a financial interest in the outcome of this case.

The Court finds the initial $25,000 payment is admissible but the criminal restitution payments are inadmissible because they are materially different from the voluntary payment received under the guarantee. The parties are free to discuss the fact that Erel/Turhan's Bay failed to pay the balance and make arguments as to whether that tends to show Plaintiff's loss was due to Erel's actions and not a conspiracy. The issues of setoff and duplicative recovery will be addressed after the jury renders its verdict. While Erel may have a financial interest in this case, the interest is unknown until the jury renders its verdict, and the probative value of such evidence is far outweighed by unfair prejudice, confusion to the jury, and undue delay. The Court finds the Motion is GRANTED on this

issue; evidence of Erel's criminal restitution payments and duplicative recovery is excluded.

III. Plaintiff's Motion Regarding Evidence of Settlement with Former Defendants

Plaintiff requests the exclusion of all evidence related to claims brought against or settlements with former Defendants Advance Trading, Inc., and Troy Rigel. Plaintiff brought a negligence claim against Advance Trading and Rigel, which they subsequently settled. Plaintiff argues this evidence is inadmissible pursuant to Fed. R. Evid. 408 and the duplicative recovery issue should be addressed after trial is complete.

Defendants argue evidence of Advance Trading/Rigel's negligence is admissible to show it was the proximate cause of Plaintiff's harm rather than Defendants' actions, and the Court agrees. Defendants will be permitted to argue alternate theories of harm. Additionally, a complete bar of all discussion of Advance Trading and Rigel would confuse the jury by not providing complete information about the transaction in question. However, Defendants may not discuss the settlement, settlement offer, the amount of settlement, or make any setoff or double recovery arguments to the jury. Arguments related to recovery will be addressed after the jury reaches its verdict. Defendants may discuss the actions of Advance Trading and Rigel and the fact that Plaintiff brought a negligence claim against them, and explain Advance Trading and Rigel are not parties to this case. Accordingly, Plaintiff's Motion is GRANTED in part and DENIED in part.

IV. Defendants' First Motion Regarding Wright's Past Criminal and Civil Litigation

Defendants request the exclusion of evidence related to several enumerated cases to which Defendant Larry Wright or one of his businesses was a party and all other litigation or disputes involving The Underwriter's Group, Wright, Phenix Services, or Brunswick Companies. Defendants argue the introduction of this evidence, particularly a criminal case more than ten years old, would amount to impermissible character evidence. Defendants state the civil cases are not relevant to the issues in this case and are highly prejudicial.

Plaintiff argues the federal convictions for conspiracy and making false statements to the United States must be admitted under Fed. R. Evid. 609 because even though the conviction was more than ten years ago, the probative value substantially outweighs its prejudicial effects because crimes involving false statements are highly probative to a witness's creditability. Here, Wright has had a fair opportunity to contest the evidence's use and the information is more probative than prejudicial as it tends to show intent, plan, or motive. The Motion is DENIED on this issue.

Plaintiff argues the named civil suits are admissible under Fed. R. Evid. 404(b) to show other instances where Defendants engaged in actions similar to those in this case and were accused of fraud, dishonesty, conspiracy, and the wrongful acquisition of large sums of money. Plaintiff alleges these previous suits show intent to conspire, motive, methods for implementing the fraudulent scheme, and knowledge amongst the co-conspirators to carry out the scheme. Plaintiff responds to four of Defendants' remaining requests, so the

three unaddressed requests are GRANTED and will be excluded: Commercial Ins. Alliance v. The Underwriters Grp., Inc., et al., Case No. 2010-CA-011165; Ford, Miller & Wainer, P.A. v. Phenix Services, Inc., et al., Case No. 2011-CA-000369; and the arrest and booking report involving Wright dated October 5, 2011, in Duval County, Florida.

The Court has reviewed each of the remaining cases and finds the following case will be excluded because the facts are not similar enough to this case to be more probative than prejudicial: Rampart Capitol Mgmt. LLC, et al. v. The Underwriters Group, Inc., et al., Case No. 2010-CA-009429 (allegations of fraud related to public construction contracts and reason for nonpayment is mass default by contractors in the market). Accordingly, the Motion is GRANTED as to this case.

In contrast, the remaining cases are similar enough to the facts of this case to be admitted under Fed. R. Evid. 404(b)(2) to show motive, intent, preparation, knowledge, or plan. Evidence regarding the following cases will be admitted: First Nat'l Bank of Davis, Okla., et al. v. Underwriter Reinsurance Co. Ltd., et al., Case No. CJ-2004-1771 (alleged failure to make payment on bond and assertions of material misrepresentations of fact); Fountains at Canterbury, et al. v. CSR-Nationwide-Inc., et al., Case No. CJ-2012-212 (alleging Phenix and Underwriters were the underwriters on a performance bond for a roofing contract that Gowen and First Mountain Bancorp failed to uphold); Poindexter, et al. v. Stuteville, et al., Case No. CJ-2012-52 (alleging fraud, constructive fraud, and conspiracy for performance bond issued by Underwriters on a city storm water project).

Therefore, the Motion is DENIED as to these cases. The parties may propose a limiting instruction regarding the admitted criminal and civil cases as soon as is practicable.

Additionally, Defendants' categorical request to exclude all other litigation or disputes involving The Underwriter's Group, Wright, Phenix Services, or Brunswick Companies is overly broad and is DENIED on this issue.

V. Defendants' Second Motion Regarding Gowen's Deposition Testimony

Defendants request the exclusion of George Gowen's deposition testimony because it was taken before Defendants were named in the Second Amended Complaint, received notice, or counsel had entered an appearance on their behalf. As discussed at docket call, the parties acknowledge Gowen's deposition took place before Defendants were party to the case and he is not expected to testify at trial. Thus, Defendants were not present for the deposition in question and had no opportunity to cross-examine Gowen. Fed. R. Civ. P. 32(a) allows the use of deposition testimony at trial if "the party was present or represented at the taking of the deposition or has reasonable notice of it." Id. Plaintiff's argument that Defendants could have deposed Gowen at a later date is unpersuasive. Accordingly, Defendants' Motion is GRANTED.

VI. Defendants' Third Motion Regarding Indemnification Agreement

Plaintiff's counsel represented to the Court at docket call that Plaintiff does not intend to introduce evidence covered by this Motion, and thus Plaintiff did not file a response. Accordingly, the Court deems the Motion conceded and it is GRANTED.

7

VII.  Defendants' Fourth Motion Regarding Erel's Testimony

Defendants request the exclusion of certain topics Turhan Erel may discuss while conceding Erel is entitled to address other relevant topics.   Generally, testimony regarding personal hardships such as criminal convictions, jail time, hospitalization, and emotional trauma will be excluded.   The Motion is GRANTED at this time.   The parties are free to make objections at trial and may request to approach the bench with further arguments as needed.

VIII.  Defendants' Fifth Motion Regarding Evidence of Bank Loans

Defendants request the exclusion of evidence of bank loans as damages because they were not previously disclosed and are not permitted under the "benefit of the bargain" measure of damages because the maximum value Plaintiff would have received pursuant to the guarantee is $300,000.   The Amended Final Pretrial Report states Plaintiff claims damages for the unpaid bond and other damages as a result of the conspiracy, including money borrowed to cover the bond loss.

Plaintiff argues the guarantee, or the bargain, states guarantors shall indemnify Plaintiff "against all losses and liabilities" and its damages include a loan Plaintiff obtained to cover its loss when the guarantor failed to indemnify.   In Bowman v. Presley, 2009 OK 48, ¶ 14-15, 212 P.3d 1210, 1218, the parties contested the method of home valuation for damages purposes.   The Oklahoma Supreme Court held there was "[n]o single, clear, and undisputed answer" to the question of damages and thus the trier of fact must make the determination.   Id.   The Court finds Plaintiff should be permitted to introduce evidence

of damages and the jury will determine whether such damages are proximately related to Defendants' alleged actions. Accordingly, the Motion is DENIED.

## CONCLUSION

For the reasons stated, Plaintiff's Motion in Limine Regarding Non-Party Jarrod Stewart's Irrelevant Activities and Communications (Dkt. No. 223) is GRANTED in part and DENIED in part; Plaintiff's Motion in Limine Regarding Criminal Restitution Payments (Dkt. No. 224) is GRANTED; Plaintiff's Motion in Limine Regarding Evidence of Settlement with Former Defendants (Dkt. No. 225) is GRANTED in part and DENIED in part; Defendants', Larry Wright, Phenix Services and Brunswick Companies, Motion in Limine (Dkt. No. 219) is GRANTED in part and DENIED in part; Defendants' . . . Second Motion in Limine (Dkt. No. 220) is GRANTED; Defendants' . . . Third Motion in Limine (Dkt. No. 230) is GRANTED; Defendants' . . . Fourth Motion in Limine (Dkt. No. 244) is GRANTED; and Defendants' . . . Motion in Limine Regarding Evidence of Bank Loans (Dkt. No. 247) is DENIED.

IT IS SO ORDERED this 11th day of July, 2017.

ROBIN J. CAUTHRON
United States District Judge