IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOPKINS AG SUPPLY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-1141-C |
| | ) | |
| LARRY WRIGHT, an individual, and | ) | |
| PHENIX SERVICES, a Florida | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants Larry Wright and Phenix Services' Supplement to Motion for Judgment as a Matter of Law (Dkt. No. 267). At the close of Plaintiff's evidence at trial, Defendants Wright, Phenix Services, and Brunswick Companies moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The Court granted Brunswick's Motion but reserved its ruling concerning Wright and Phenix Services' request and directed them to file a post-trial written memorandum in support of their oral motion for judgment as a matter of law.[*] Plaintiff has responded and the Motion is at issue.

---

[*] Courts have found it favorable to reserve judgment on motions for judgment as a matter of law. See McDaniel v. Terex USA, L.L.C., 466 F. App'x 365, 370 (5th Cir. 2012) (citing Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc., 546 U.S. 394, 405 (2006)); Borrero-McCormick v. Univ. of Health Scis. Antigua Sch. of Med., 337 F. App'x 1, 1-2 (1st Cir. 2009); Sherrod v. Palm Beach Cty. Sch. Dist., 424 F. Supp. 2d 1341, 1343-44 (S.D. Fla. 2006).

A court may hear a motion for judgment as a matter of law after "a party has been fully heard on an issue during a jury trial" and the motion will be granted if the "court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Therefore, "[j]udgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." Etherton v. Owners Ins. Co., 829 F.3d 1209, 1224 (10th Cir. 2016) (citation and internal quotation marks omitted). The Court draws all evidentiary inferences in favor of the non-moving party and does not "weigh the evidence or judge witness credibility." Id. (citation and internal quotation marks omitted).

The Court has considered the arguments and evidence presented by parties on pretrial motions, at trial, and most recently in the current Motion, and there is no need to recite them again. Drawing all evidentiary inferences in favor of Plaintiff, the Court finds a reasonable jury would have a legally sufficient evidentiary basis for the verdict it returned.

Defendants raise a separate issue: that it was improper for Plaintiff to assert a fraud and breach of contract claim based on the same tortious conduct in this case. However, Defendants did not present this argument at trial or include it in the Amended Final Pretrial Report (Dkt. No. 235); the Court will not consider it here.

## CONCLUSION

For the reasons stated, Defendants' Supplement to Motion for Judgment as a Matter of Law (Dkt. No. 267) is DENIED. Judgement will be entered in accordance with the jury's verdict.

IT IS SO ORDERED this 6th day of September, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge