IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HOPKINS AG SUPPLY LLC,

        Plaintiff,

vs.

LARRY WRIGHT, an individual, and
PHENIX SERVICES, a Florida
Corporation,

        Defendants.

Case No. CIV-12-1141-C

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Renewed Motion for Judgment as a Matter of Law made by Defendants Larry Wright and Phenix Services (the "moving Defendants") (Dkt. No. 275.) Plaintiff has responded and the Motion is now at issue.

At the close of Plaintiff's evidence at trial, Defendants Wright, Phenix Services, and Brunswick Companies orally moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The Court allowed Defendants to make an abbreviated argument in support of the motion, then granted the motion as to Brunswick and reserved its ruling concerning Wright and Phenix Services. Prior to the argument, Defendants supplied the Court with a written memorandum on the motion but it was not filed or provided to Plaintiff. Instead of requiring the first memorandum be filed, the Court allowed the moving Defendants to file a post-trial written memorandum in support of their oral motion for judgment as a matter of law at a later date.

After briefing was complete, the Court denied the Motion for Judgment as a Matter of Law and rejected Defendants' argument that Plaintiff cannot pursue both a fraud and breach of contract claim because the issue had not been raised at trial. Defendants argue the issue was present in the unfiled memorandum. Plaintiff argues (1) the simultaneous contract/fraud issue cannot be considered because they were not allowed to respond nor did Defendants address the facts and law in open court before the case was submitted to the jury, and (2) because the post-trial memorandum in support of the motion was submitted after the jury returned its verdict it must be considered a renewed motion made pursuant to Fed. R. Civ. P. 50(b).

Taking Defendants' word as truth that the document now filed is equivalent to the written memorandum presented at trial, the Court will consider the argument on its merits. (Unfiled Defs.' Mot. for Directed Verdict, Dkt. No. 275-1.) It would be unfair to refuse to hear Defendants' arguments based on the timing outlined in Fed. R. Civ. P. 50(b) when the Court directed Defendants to file the supplement after the jury rendered its verdict. Plaintiff has fully responded to the simultaneous contract/fraud issue.

A court may hear a motion for judgment as a matter of law after "a party has been fully heard on an issue during a jury trial" and the motion will be granted if the "court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Therefore, "[j]udgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." <u>Etherton v. Owners Ins.</u>

Co., 829 F.3d 1209, 1224 (10th Cir. 2016) (citation and internal quotation marks omitted). The Court draws all evidentiary inferences in favor of the non-moving party and does not "weigh the evidence or judge witness credibility." Id. (citation and internal quotation marks omitted).

Defendants argue Oklahoma law prevents the simultaneous pursuit of fraud and breach of contract claims where the two claims are based upon the same facts or are not sufficiently distinct. See McGregor v. Nat'l Steak Processors, Inc., No. 11-CV-0570-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb. 1, 2012) (stating "the facts alleged in a plaintiff's tort claim are precisely the same as those alleged in his contract claim, a separate tort claim will not be allowed" (citation and internal quotation marks omitted) (quoting Isler v. Texas Oil & Gas Corp., 749 F.2d 22, 24 (10th Cir. 1984))). Here, Plaintiff brought a breach of contract claim against Defendant First Mountain Bancorp ("FMB") for its failure to pay the guarantee. Defendants argue the underlying fraud in Plaintiff's conspiracy to commit fraud claim against the moving Defendants rests upon FMB's promise with no intent to pay. Plaintiff presents no distinct facts other than the conspiracy to conceal FMB's intent to breach the contract, and this is a conversion of a breach of contract claim into a fraud claim.

Plaintiff counters that it did rely on distinct facts to form the basis for its conspiracy to commit fraud claim. Plaintiff presented evidence that the moving Defendants and Defendant Brunswick Companies failed to determine the reliability of the FMB guarantee

3

and the moving Defendants failed to investigate the ability of Turhan's Bay to pay for the wheat.

The Court finds Plaintiff did present evidence of sufficiently distinct facts from the breach of contract claim. In sum, this case involved a conspiracy to commit fraud claim asserted against a group of Defendants involved with the transaction that ultimately resulted in FMB's failure to pay the guarantee, not simply a breach of contract and fraud claim asserted against a single Defendant. Plaintiff presented evidence of the moving Defendants' actions other than concealing FMB's intent to breach upon which the jury could have based the conspiracy to commit fraud verdict. Defendants failed to show the "evidence points but one way" and the Motion is denied.

## CONCLUSION

For the reasons stated, Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. No. 275) is DENIED.

IT IS SO ORDERED this 17th day of November, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge